NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 10 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESUS ALEJANDRO SANCHEZ-LEYVA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-870

Agency No.
A204-878-161

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2024[**]
Phoenix, Arizona

Before: HAWKINS, BADE, and DESAI, Circuit Judges.

Jesus Alejandro Sanchez-Leyva petitions for review of a decision of the

Board of Immigration Appeals (BIA) summarily dismissing his appeal from an

order of an Immigration Judge (IJ) granting his request for voluntary departure.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

When the BIA summarily affirms the IJ's decision without an opinion, we review the IJ's decision as the final agency action. *Cardenas-Delgado v. Holder*, 720 F.3d 1111, 1114 (9th Cir. 2013) (citing *GE v. Ashcroft*, 367 F.3d 1121, 1124 (9th Cir. 2004)). We review the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted).

Sanchez-Leyva argues that the BIA erred by dismissing his appeal because it failed to construe his pro se notice of appeal and brief as a request for administrative closure to pursue relief under the Deferred Action for Childhood Arrivals ("DACA"), *see* 8 C.F.R. § 236.22(b) (DACA criteria), or to pursue prosecutorial discretion. Sanchez-Leyva did not move for administrative closure in his proceedings before the IJ where he was represented by counsel. He requested only voluntary departure, and the IJ granted the requested relief.

Sanchez-Leyva made pro se filings to the BIA, including a notice of appeal and an appeal brief. Pro se filings are liberally construed. *See Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011). Even when viewed liberally, Sanchez-Leyva's filings did not request administrative closure. In both filings, Sanchez-Leyva implored the BIA to allow him to remain in the United States to "hopefully receive" DACA benefits and marry his girlfriend. Sanchez-Leyva does not point to any authority supporting the conclusion that the BIA erred by failing to construe

these general statements about his desire to remain in the United States as a request for a specific kind of relief.

Furthermore, even if the BIA erred in failing to construe his filings as a request for administrative closure to permit Sanchez-Leyva to pursue DACA and prosecutorial discretion, Sanchez-Leyva fails to show prejudice from the error. *See e.g.*, *Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021) (explaining that, where appropriate, the court applies the doctrine of harmless error when reviewing a final order of removal). He has not disputed Respondent's assertion that he could renew his DACA application or pursue a more general kind of prosecutorial discretion with the DHS.

**PETITION DENIED.**

22-870